IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARANSAS PRINCESS CONDOMINIUM ASSOCIATION, INC., | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 2:18-CV-341 |
| v. | § § | |
| LANDMARK AMERICAN INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § | |

## DEFENDANT LANDMARK AMERICAN INSURANCE COMPANY'S DESIGNATION OF EXPERT WITNESSES

Defendant Landmark American Insurance Company ("Landmark") hereby designates the following expert witnesses:

**Retained:**

1. **Brett A. Lochridge**
**Brad Brakey**
Unified Building Sciences, Inc.
209 E Greenbriar Lane
Dallas, Texas 75203
(214) 942-0385

Mr. Lochridge and/or Mr. Brakey may express opinions concerning the condition of Plaintiff's property and the damages Plaintiff attributes to Hurricane Harvey, including: (1) the building conditions; (2) the building design and construction; (3) exterior and architectural items and finishes; (4) building systems; (5) building maintenance, including deferred maintenance; (6) pre-existing damages; (7) causes and effects of wind, water and other damage to buildings and building systems; (8) demolition and reconstruction of buildings and building systems that typically follow wind, water, and other damage; (9) wind, water, and other damages generally and in respect to this property; and (10) weather conditions at the property and their effects over time. Mr. Lochridge and Mr. Brakey will testify regarding (1) the general and non-storm related conditions of the property, (2) their evaluation of claimed damage to the property, (3) their evaluation of claimed leaks at the property, and (4) the costs and scope of repairs. Specifically, Mr. Lochridge and Mr. Brakey are expected to testify consistently with their opinions, observations, findings, and conclusions contained in their May 15, 2019 report, which is attached to the service copy of this designation. They may also testify

1

in response to any testimony offered by Plaintiff or any of its experts regarding the condition of the Plaintiff's property; any claimed damages to that property; weather conditions at the property; and the reports and estimates prepared by Plaintiff's representatives and consultants, including their opinions, methodology, inaccuracies, and errors.

Mr. Lochridge's and Mr. Brakey's opinions will be based on their experience, training, analysis of the facts at issue, inspection of the property, interview of Plaintiff's representatives, and his expertise in the relevant areas. Their resume, prior testimony, rates, and publications, if any, are in their report or as attachments thereto. They may utilize drawings, photographs, charts, diagrams, and other illustrative or demonstrative aides to illustrate or assist in explaining his testimony and opinions.

See Mr. Lochridge's and Mr. Brakey's report, dated May 15, 2019, which is attached to the service copy of this designation; its exhibits and any supplements for additional information.

2. **Thomas H. Veitch**
   **Steven D. Browne**
   Langley & Banack
   745 East Mulberry Avenue, Suite 700
   San Antonio, TX 78212
   (210) 736-6600

   Mr. Veitch and/or Mr. Browne may testify regarding (1) the prompt, fair, and reasonable manner in which Landmark investigated and handled Plaintiff's insurance claim; (2) Landmark's reasonable basis for its claim decisions; (3) Plaintiff's allegations of bad faith and violations of statutes regarding proper claims handling; and (4) the existence of a bona fide dispute as to the amount of damage incurred by Hurricane Harvey.

   Mr. Veitch's and Mr. Browne's opinions will be based on their knowledge, skill, experience, training, and education, as well as their review of the claim file, insurance policy, correspondence, reports, estimates, photos, proposals, discovery responses, disclosures, pleadings, and Plaintiff's reports. Mr. Veitch and Mr. Brown may also testify in response to any testimony offered by Plaintiff or any of its experts regarding claims handling, bad faith, violations of statute, insurer practices, and the applicable standards. Their resume, prior testimony, rates, and publications, if any, are in their report or as attachments thereto. Mr. Veitch and Mr. Browne may utilize drawings, photographs, charts, diagrams, and other illustrative or demonstrative aides to illustrate or assist in explaining their testimony and opinions.

   See Mr. Veitch's and Mr. Browne's Report, dated May 15, 2019, which is attached to the service copy of this designation; and any supplements for additional information.

3.   **Max Flynn**
     Hagen, Streiff, Newton & Oshiro
     5871 Glenridge Drive, Suite 250
     Atlanta, Georgia 30328
     (404) 876-5220

     Mr. Flynn is the accountant that analyzed Plaintiff's alleged business interruption included in Plaintiff's insurance claim made the basis of this litigation. Mr. Flynn will testify regarding his training, education, and experience in the accounting industry and qualifications as an accountant. He will offer opinions as to business interruption (including rental value) measurement and the methodology for the determination of same. The general substance of Mr. Flynn's impressions and opinions are reflected in his reports and correspondence, which have been previously produced and are attached to a service copy of these designations. Mr. Flynn has also provided a response to Economic Consulting's report, which is attached to a service copy of these designations.

     Mr. Flynn's opinions and testimony are based on his specialized knowledge, skill, education, training, and experience, and his review of documents provided during the claim adjustment, documents produced in the litigation, and any testimony offered in this lawsuit. Mr. Flynn may also respond to any opinions, testimony, or evidence offered by Plaintiff or its expert witnesses concerning any of the above or related areas. He may also offer expert opinions in response to any rebuttal reports or deposition testimony of Plaintiffs' expert witnesses, as well as any additional documents that are produced or provided to him. If necessary, Mr. Flynn will testify regarding his training, education, experience, and qualifications, publications in the previous 10 years, as well as the matters set forth in his resume. While Mr. Flynn was retained during the claim adjustment and has provided a responsive report for use in the lawsuit, which is attached to a service copy of these designations. Mr. Flynn may utilize drawings, photographs, charts, diagrams, and other illustrative or demonstrative aides to illustrate or assist in explaining his testimony and opinions.

     See Mr. Flynn's Report, dated May 15, 2019, which is attached to the service copy of this designation; and any supplements for additional information.

4.   **Attorneys' fees**

     Per the parties' agreement and stipulation under Fed. R. Civ. P. 29, due to Plaintiff's production of an amended attorneys' fees expert report on May 14, 2019, Defendants' deadline to designate and provide a report on attorneys' fees is extended to May 29, 2019.

**Non-Retained:**

1. **Robert C. Konz**
   Envista Forensics
   22130 Merchants Way, Suite 150
   Katy, Texas 77449
   (888) 782-3473

   Mr. Konz may express opinions concerning the condition of Plaintiff's property and the damages Plaintiff attributes to Hurricane Harvey, including: (1) the building conditions; (2) the building design and construction; (3) exterior and architectural items and finishes; (4) building systems; (5) building maintenance, including deferred maintenance; (6) pre-existing damages; (7) causes and effects of wind, water and other damage to buildings and building systems; (8) demolition and reconstruction of buildings and building systems that typically follow wind, water, and other damage; (9) wind, water, and other damages generally and in respect to this property; and (10) weather conditions at the property and their effects over time. Mr. Konz may testify regarding (1) the extent of wind damage to the property, including the roof, storefront window systems, and concrete balconies attributable to Hurricane Harvey; (2) the cause(s) and source(s) of reported interior moisture; and (3) weather conditions at the property during Hurricane Harvey. Specifically, Mr. Konz is expected to testify consistently with his opinions, observations, findings, and conclusions during the claim adjustment contained in his reports of December 21, 2017, and May 27, 2018, which have been previously produced but are also included in the service copy of these designations. Additionally, Mr. Konz has also provided feedback on Datum Engineers, Inc.'s report to Brett Lochridge. Mr. Konz may also testify in response to any testimony offered by Plaintiff or any of its experts regarding the condition of the Plaintiff's property; any claimed damages to that property; weather conditions at the property; and the reports and estimates prepared by Plaintiff's representatives and consultants, including their opinions, methodology, inaccuracies, and errors.

   Mr. Konz opinions and testimony are based on his specialized knowledge, skill, education, training, and experience, and his review of documents produced and any testimony offered in this lawsuit. Mr. Konz may also respond to any opinions, testimony, or evidence offered by Plaintiff or its expert witnesses concerning any of the above or related areas. He may also offer expert opinions in response to any rebuttal reports or deposition testimony of Plaintiffs' expert witnesses, as well as any additional documents that are produced or provided to him. If necessary, Mr. Konz will testify regarding his training, education, experience, and qualifications, publications in the previous 10 years, as well as the matters set forth in his resume, which is available upon request. Mr. Konz may utilize drawings, photographs, charts, diagrams, and other illustrative or demonstrative aides to illustrate or assist in explaining his testimony and opinions.

2. **David McLaughlin**
   **Paul Spears**
   J.S. Held LLC
   901 South Mopac Expressway, Building 1, Suite 300
   Austin, Texas 78746
   (512) 329-2736

   Mr. McLaughlin and/or Mr. Spears may express opinions regarding (1) the probable cost to perform repairs based on the "as built" conditions of the property; (2) the condition of the property; (3) the building conditions; (2) the building design and construction; (3) exterior and architectural items and finishes; (4) building systems; (5) building maintenance, including deferred maintenance; (5) demolition and reconstruction of buildings and building systems that typically follow wind, water, and other damage; (6) wind, water, and other damages generally and in respect to this property; (7) pricing of repairs; (8) the process to identify and access damages associated with hurricanes; and (9) the process and methods to assess, document, measure, and scope damages to repair hurricane related damages. Specifically, they are expected to testify consistently with his opinions, observations, findings, and conclusions contained in the JS Held estimates and reports, which have been previously produced and are attached to the service copy of this designation. They may also testify in response to any testimony offered by Plaintiff or any of its experts regarding the condition of the Plaintiff's property; any claimed damages to that property; the reports and estimates prepared by Plaintiff's representatives and consultants, including their opinions, methodology, inaccuracies, and errors; and the pricing and reasonableness of any repairs proffered by the Plaintiff or its experts and consultants.

   Their opinions and testimony are based on their specialized knowledge, skill, education, training, and experience, and their review of documents produced and any testimony offered in this lawsuit. They may also respond to any opinions, testimony, or evidence offered by Plaintiff or its expert witnesses concerning any of the above or related areas. They may also offer expert opinions in response to any rebuttal reports or deposition testimony of Plaintiffs' expert witnesses, as well as any additional documents that are produced or provided to him. If necessary, they will testify regarding their training, education, experience, and qualifications, publications in the previous 10 years, as well as the matters set forth in theirs resumes, which is available upon request. They may utilize drawings, photographs, charts, diagrams, and other illustrative or demonstrative aides to illustrate or assist in explaining his testimony and opinions.

3. **Mike Koski**
   Landmark American Insurance Company
   RSUI Indemnity Company
   945 East Paces Ferry Road, NE
   Atlanta, Ga. 30326
   (404) 504-6121

Mr. Koski was not retained or specially employed to provide expert testimony in this litigation and he is not an employee of Landmark/RSUI Indemnity Company whose duties regularly involve giving expert testimony. Mr. Koski is a fact witness who has expertise and thus is a fact and expert witness. Landmark identifies him as a mixed fact/expert witness to permit him to offer opinions related to relevant facts in this matter that are within his personal knowledge.

Mr. Koski was the in-house claims adjuster for Landmark/RSUI concerning Plaintiff's insurance claim made the basis of this litigation. Mr. Koski may testify regarding his training, education, and experience in the insurance industry and qualifications as an insurance claims adjuster. He may offer opinions as to claims estimating, scope, and cost of repair or replacement, including actual cash value and replacement cost, property damage, adjusting, claims handling, insurance coverage issues, policy coverages, including but not limited to policy exclusions and limitations and other policy provisions, including the identification of Named Insured(s), transfer of rights provisions, and mortgagee provisions. Mr. Koski's expertise includes insurance coverage and claims handling. Mr. Koski may also be called on to render opinions on the claims handling in this matter; that the claims handling by Landmark was done in good faith; that Plaintiff's claims were promptly and properly investigated by Landmark; and Landmark promptly, properly and reasonably communicated its claims decisions. Mr. Koski may testify as to policy provisions, including but not limited to conditions, definitions, limitations, and exclusions to coverage. Mr. Koski may further testify regarding the duties in the event of a loss under the Landmark Policy, including prompt notice, documentation, protection/preservation, quickly resuming operations, and cooperation, and the prejudice that may result from a claimant's failure to comply. Mr. Koski may testify as to policy provisions and exclusions relating to business interruption, valuable papers, personal property, and business personal property, and all related issues. He may further testify that the Policy only pays to the extent of an insured's interest in the allegedly damaged property. Mr. Koski may testify as to any other related issues.

Mr. Koski is expected to testify based on his experience as an insurance professional, as well as his personal knowledge of the adjustment of the claim at issue here. The general substance of his impressions and opinions are reflected in the correspondence and documents produced by Landmark in this litigation, as well as his deposition. He may also respond to evidence or opinions offered by Plaintiff or its experts concerning any of the above or related areas. He may also offer expert opinions in response to any rebuttal reports or deposition testimony of Plaintiff's experts. He may utilize drawings, photographs, charts, diagrams, and other demonstrative or illustrative aides to assist in explaining his testimony and opinions.

Mr. Koski opinions and testimony are based on his specialized knowledge, skill, education, training, and experience, and his review of documents produced and any testimony offered in this lawsuit. Mr. Koski may also respond to any opinions, testimony, or evidence offered by Plaintiff or its expert witnesses concerning any of the

above or related areas. He may also offer expert opinions in response to any rebuttal reports or deposition testimony of Plaintiffs' expert witnesses, as well as any additional documents that are produced or provided to him. If necessary, Mr. Koski will testify regarding his training, education, experience, and qualifications, publications in the previous 10 years, as well as the matters set forth in his resume, which is available upon request. Mr. Koski may utilize drawings, photographs, charts, diagrams, and other illustrative or demonstrative aides to illustrate or assist in explaining his testimony and opinions.

**4.**     **Richard J. Haggis, Jr.**
Executive General Adjuster
Engle Martin & Associates, Inc.
16 Chestnut Street, Suite 420
Foxborough, Massachusetts 02035
(508) 698-6300

Mr. Haggis is an Executive General Adjuster and has more than 20 years' experience in the insurance industry adjusting insurance claims, scoping and estimating losses, investigating claims. Mr. haggis has his Associate in Claims (AIC) and Property Claim Law Associate (PCLA) designations. Mr. Haggis is a fact witness who has expertise and thus is a fact and expert witness. Landmark identifies him as a mixed fact/expert witness to permit him to offer opinions related to relevant facts in this matter that are within his personal knowledge.

Mr. Haggis may express opinions regarding (1) the claim process; (2) claims handling; (3) extent and nature of damages; (4) conditions of the property; (5) the insurance policy; (6) the building design and construction; (7) exterior and architectural items and finishes; (8) building systems; (9) building maintenance, including deferred maintenance; (10) demolition and reconstruction of buildings and building systems that typically follow wind, water, and other damage; (11) wind, water, and other damages generally and in respect to this property; (12) pricing of repairs; (13) the process to identify and access damages associated with hurricanes; and (14) the process and methods to assess, document, measure, and scope damages to repair hurricane related damages. Mr. Higgins may also testify in response to any testimony offered by Plaintiff or any of its experts regarding the condition of the Plaintiff's property; any claimed damages to that property; the reports and estimates prepared by Plaintiff's representatives and consultants, including their opinions, methodology, inaccuracies, and errors; and the pricing and reasonableness of any repairs proffered by the Plaintiff or its experts and consultants..

Mr. Haggis opinions and testimony are based on his specialized knowledge, skill, education, training, and experience, and his review of documents produced and any testimony offered in this lawsuit. Mr. Haggis may also respond to any opinions, testimony, or evidence offered by Plaintiff or its expert witnesses concerning any of the above or related areas. He may also offer expert opinions in response to any rebuttal reports or deposition testimony of Plaintiffs' expert witnesses, as well as any additional

documents that are produced or provided to him. If necessary, Mr. Haggis will testify regarding his training, education, experience, and qualifications, publications in the previous 10 years, as well as the matters set forth in his resume, which is available upon request. Mr. Haggis may utilize drawings, photographs, charts, diagrams, and other illustrative or demonstrative aides to illustrate or assist in explaining his testimony and opinions.

See Mr. Haggis' reports, which have been previously produced, including their exhibits and any supplements for additional information.

Landmark reserves the right to have such experts amend and/or supplement their reports, opinions, and testimony based on additional discovery and testimony when they are provided.

> WINSTEAD PC
>
> By:   */s/ Bruce R. Wilkin*
> **Jay W. Brown – Attorney in Charge**
> Texas Bar No. 03138830
> jbrown@winstead.com
> **Bruce R. Wilkin**
> Texas Bar No. 24053549
> bwilkin@winstead.com
> 600 Travis Street, Suite 5200
> Houston, Texas 77002
> Tel: (713) 650-8400
> Fax: (713) 650-2400
>
> ATTORNEYS FOR DEFENDANT
> LANDMARK AMERICAN INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on May 15, 2019.

| | |
|---|---|
| William J. Chriss<br>THE SNAPKA LAW FIRM<br>606 N. Carancahua, Suite 1511<br>Corpus Christi, Texas 78403<br>E-mail: wjchrisspc@gmail.com | *Via Electronic Service* |

                                            */s/ Bruce R. Wilkin*
                                            Bruce R. Wilkin